IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>          Plaintiff,<br><br>vs.<br><br>TRAC INTERSTAR, LLC,<br><br>          Defendant. | 8:23CV198<br><br><br>ORDER |

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint and Stay Briefing on Defendant's Motion to Dismiss (Filing No. 18), and Motion for Extension of Time to Respond to Defendant's Motion to Dismiss (Filing No. 17).  For the reasons explained below, Plaintiff's Motion for Leave will be granted, and Plaintiff's Motion for Extension of Time will be denied as moot.

## BACKGROUND

On June 1, 2017, Union Pacific ("Plaintiff") and Trac Interstar, LLC ("Defendant") entered in an agreement ("Agreement") for roadside service repair.  (Filing No. 22-2.)  On July 13, 2020, Jimmy Nguyen, Nicole Nguyen, Natalie Nguyen, and the Estate of Thu Anh Nguyen ("Nguyen plaintiffs") filed a suit ("underlying suit") in Orange County Superior Court of California against several defendants, including Plaintiff.  (Filing No. 22-2.)  The underlying suit is related to a chassis owned by Plaintiff which Defendant allegedly serviced.  (Filing No. 22-2.)  The Nguyen plaintiffs filed an amendment to their complaint on October 1, 2020, naming Defendant as a party in the underlying suit.  (Filing No. 22-2.)  Plaintiff filed a cross-complaint against Defendant in the underlying suit.  (Filing No. 22-2.)

On December 1, 2021, Plaintiff filed a motion for summary adjudication against Defendant as to duty to defend and indemnify in the underlying suit. (Filing No. 22-2.) Plaintiff withdrew the motion and then filed another motion for summary adjudication against Defendant. (Filing No. 22-3.) On May 5, 2022, the state court denied Plaintiff's motion. (Filing No. 22-3.) On April 5, 2023, Plaintiff dismissed its cross-complaint against Defendant in the state court action. (Filing No. 22-3.)

Plaintiff filed this suit on May 15, 2023. (Filing No. 1.) Plaintiff alleges a claim for breach of contract and also seeks a declaration that Defendant has a duty to defend Plaintiff under the Agreement with respect to the underlying suit. (Filing No. 1.) Defendant filed a motion to dismiss Plaintiff's Complaint on June 12, 2023. (Filing No. 11.) In the motion, Defendant argued that the Agreement between Defendant and Plaintiff expired on June 1, 2019, and therefore, this Court did not have jurisdiction over the dispute and was the improper venue. (Filing No. 11-1.)

Plaintiff filed a First Amended Complaint on June 28, 2023, alleging that the Agreement was valid and enforceable beyond June 1, 2019. (Filing No. 13.) On July 12, 2023, Defendant filed its Motion to Dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), again arguing the Agreement expired on June 1, 2019, and that this Court does not have jurisdiction and is the improper venue.[1] (Filing No. 14.) On August 1, 2023, Plaintiff filed its Motion for Extension of Time to Respond to Defendant's Motion to Dismiss the First Amended Complaint. (Filing No. 17.) Defendant opposed the motion. Plaintiff filed its Motion for Leave to File Second Amended Complaint the following day, on August 2, 2023. (Filing No. 18.) The parties have not submitted a Rule 26(f) Report, a progression order has not been entered, and trial has not been set.

### DISCUSSION

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith

---

[1] Chief Judge Robert Rossiter, Jr. denied Defendant's initial motion to dismiss (Filing No. 11) as moot on July 18, 2023, per the filing of the First Amended Complaint and the associated Motion to Dismiss. (Filing No. 15.)

on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Plaintiff seeks leave to amend its First Amended Complaint to reference and attach the "complete" Agreement from which the present dispute arises. Plaintiff contends that shortly after Plaintiff filed its First Amended Complaint, Plaintiff discovered contract change orders, pursuant to which Plaintiff and Defendant purportedly agreed to amend the Agreement to extend its term through December 31, 2020. Plaintiff claims good cause exists for the proposed amendment because Defendant is relying upon the alleged expiration of the Agreement to support its jurisdiction, venue, and duty to defend assertions in the pending Motion to Dismiss. Plaintiff claims Defendant's contentions in the Motion to Dismiss are disposed of by the change orders included with Plaintiff's proposed Second Amended Complaint. Plaintiff argues it promptly sought leave to amend once it learned of Defendant's arguments regarding expiration of the Agreement, uncovered the change orders, and then verified the legitimacy of the change orders.

Defendant argues leave to amend should be denied because Plaintiff has acted in bad faith and amendment would result in unfair prejudice. Defendant argues it would be prejudiced through additional delay and the financial hardship associated with this litigation. Defendant claims Plaintiff failed to promptly produce the change orders, which Plaintiff has purportedly had in its possession since this litigation commenced. As far as increased costs are concerned, Defendant points outs that it already filed two motions to dismiss in this case and related litigation has been ongoing in California for three years. Defendant further argues amendment would be futile because there is no evidence that the change orders are valid amendments to the Agreement, and Plaintiff does not have standing to pursue this matter because another party has assumed the cost of its defense.

Having considered the matter, the Court will grant Plaintiff leave to amend. There is no evidence that Plaintiff unduly delayed in seeking to amend or acted in bad faith, nor is there evidence that Defendant will be unfairly prejudiced through the amendment. It seems Plaintiff did not begin to look through its records to verify that the Agreement was in effect at the relevant time

3

until it learned of Defendant's argument regarding the alleged expiration of the Agreement—which appears reasonable and does not resemble bad faith, particularly when a discovery schedule has not been entered in this suit. Plaintiff brought the change orders to Defendant's attention on or about July 7, 2023, which was before Defendant's deadline to respond to the First Amended Complaint and before Defendant filed its current Motion to Dismiss. (Filing No. 22-3.) Despite its knowledge of the change orders, and Plaintiff's thoughts regarding the significance of the orders to Defendant's arguments regarding dismissal, Defendant went forward with filing its Motion to Dismiss. Plaintiff cannot be blamed for Defendant's decision in that regard.[2] Further, this litigation is in its early stages. A progression order has not been entered and trial has not been set. Therefore, case progression will not be prejudicially prolonged through amendment.

The Court likewise finds Defendant's futility argument unpersuasive. "When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Hintz v. JPMorgan Chase Bank, N.A., 686 F.3d 505, 511 (8th Cir. 2012) (quotation omitted). A motion to amend should be dismissed on the merits "only if it asserts clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. Am. President Lines, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotation omitted). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." Becker v. Univ. of Neb., 191 F.3d 904, 908 (8th Cir. 1999).

Here, it is not readily apparent that amendment would be futile or that the proposed Second Amended Complaint asserts clearly frivolous claims. In evaluating whether leave to amend should be granted, Defendant seemingly asks the Court to evaluate the legitimacy of Plaintiff's claims by considering the validity of the change orders. However, the evaluation of evidence is not appropriate at this stage. The issue of whether Plaintiff will or will not prevail on its claims "should

---

[2] Defendant also argues Plaintiff should be sanctioned under Federal Rule of Civil Procedure 11 for filing the motion to amend. (Filing No. 22-1.) Defendant asserts the motion is frivolous and only meant to cause delay and increase litigation costs. Defendant contends Plaintiff has been in possession of the change orders since this suit was filed, but decided not to produce them until it was beneficial for it to do so. However, as explained above, Plaintiff has asserted a legitimate reason to amend the First Amended Complaint. There is no evidence that Plaintiff purposely held back production of the change orders.

4

be determined on the merits rather than as part of a motion to amend." *Doyle v. Eli Lilly & Co.*, No. 8:06CV412, 2008 WL 215802, at *2 (D. Neb. Jan. 24, 2008).

Accordingly.

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint and Stay Briefing on Defendant's Motion to Dismiss (Filing No. 18) is granted. Plaintiff shall file its Second Amended Complaint by November 29, 2023. The Motion for Extension of Time to Respond to Defendant's Motion to Dismiss (Filing No. 17) is denied as moot.

Dated this 27th day of November, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge